UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TELLY SAVLAES AMBROSE | CIVIL ACTION |
| VERSUS | NO. 22-2791 |
| JEFFERSON PARISH DETENTION CENTER, ET AL. | SECTION "E" (2) |

## FINDINGS AND RECOMMENDATION

Plaintiff Telly Savlaes Ambrose filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 seeking redress for Jefferson Parish Correctional Center ("JPCC") officials' alleged use of excessive force upon him on October 12, 2021.  ECF No. 1, ¶IV, at 4.  On August 30, 2022, I issued an order to Ambrose requiring him to file in writing, on or before October 3, 2022, a summary of the relevant facts and lists of witnesses and exhibits as outlined in the order.  ECF No. 5.  The order was mailed to Ambrose at his prison address of record.

On September 23, 2022, the envelope containing the order was returned as undeliverable stamped with "Return to Sender - No Longer @ JPCC."  ECF No. 8.  Copies of the court's other orders granting pauper status and to obtain copies of Ambrose's prison medical records were sent to Ambrose at his prison address of record.  ECF Nos. 3, 6.  The envelopes containing these orders were likewise returned as undeliverable on September 19, 2022, stamped with the same language. ECF Nos. 9, 10.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court.[1]  In applying the sanction of dismissal, courts have traditionally considered the

---

[1] *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987).

extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order.[2] Because plaintiff is proceeding *pro se*, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b). A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law.[3] A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.[4]

In addition, all litigants are obligated to keep the court advised of any address change. *See* EDLA Local Rules 11.1 and 41.3.1. In addition, the complaint form used by Ambrose to institute this action contains the following declaration: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." ECF No. 1, at 7 (Plaintiff's Declaration, §VI, No. 2). "[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute."[5]

To date, Ambrose has not filed a notice of change of address or otherwise contacted the court or clerk of court about his case. His failure to do so has resulted in the court's inability to obtain a response to its order for more information about Ambrose's claims. Ambrose's failure to comply with the court's rules and orders has created delay in the court's ability to efficiently manage the case. This delay is caused by and attributable to Ambrose himself, justifying dismissal of his complaint for failure to prosecute.[6]

---

[2] *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986).
[3] *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Edwards v. Harris County Sheriff's Office*, 864 F. Supp. 633, 637 (S.D. Tex. 1994).
[4] *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988); *Birl*, 660 F.2d at 593.
[5] *Lewis v. Hardy*, 248 F. App'x 589, 2007 WL 2809969, at *4 n.1 (5th Cir. 2007).
[6] *See Torns v. State of Miss. Dept. of Corrections*, 262 F. App'x 638, 639 (5th Cir. 2008); *Raborn v. Inpatient Mgt.*

In a final effort to provide Ambrose with an opportunity to show cause why his complaint should not be dismissed, I am issuing these Findings and Recommendation to the presiding United States District Judge. Ambrose is advised that he may object to these Findings and Recommendation within fourteen (14) days from the date of service of this report. It is suggested to Ambrose that any objection should contain a short summary of the reasons why he failed to comply with the court's previous orders. Ambrose is further advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit.

Ambrose is also advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may, and probably will, result in dismissal of plaintiff's lawsuit. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[7]

---

*Partners, Inc.*, 278 F. App'x 402, 404-05 (5th Cir. 2008).
[7] *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).

**RECOMMENDATION**

It is **RECOMMENDED** that plaintiff Telly Savlaes Ambrose's 42 U.S.C. § 1983 complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b).

New Orleans, Louisiana, this  27th  day of October, 2022.

*[signature]*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE